UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ZACHARY KIRSCHENMANN,<br><br>Defendant. | 5:22-CR-50169-JLV<br><br><br>ORDER DENYING MOTION FOR<br>RETURN TO STATE CUSTODY |

**PROCEDURAL HISTORY**

Defendant Zachary Kirschenmann was charged on October 20, 2022, in an Indictment with Possession of Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  A Writ of Habeas Corpus ad Prosequendum was entered on October 28, 2022, as Mr. Kirschenmann was serving a state court sentence and was being held in state custody at the South Dakota State Penitentiary in Sioux Falls, South Dakota.  (Docs. 5, 6, 8 and 9).

On January 10, 2023, Mr. Kirschenmann filed a motion to release him on bond to allow him to return to state custody so he can address his parole violation and received his sanction.  (Doc. 23).  The government opposes the motion.

## DISCUSSION

**A.      Reopening the detention hearing.**

The court previously determined that Mr. Kirschenman is a danger to the community and a risk of flight.  Although not captioned as such, what Mr. Kirschenmann seeks is to reopen the detention hearing.

18 U.S.C. § 3142(f)(2)(B) provides that "[t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  The court finds that Mr. Kirschenmann offers no new information that didn't exist or wasn't known to him at the time of the hearing. Therefore, the court will not reopen the detention hearing.  However, for purposes of supplementing the oral record at the detention hearing and its order of detention, the court will set forth its legal and factual basis for detaining Mr. Kirschenmann.

**B.      Risk of flight and danger the community**

The Bail Reform Act, 18 U.S.C. § 3142, governs the pretrial release of defendants in federal district court.  In determining whether to release or detain Mr. Kirschenmann, the court is required to consider the following:

>    (1)      the nature and circumstances of the offense charged,
>              including whether the offense . . . involves a firearm;
>
>    (2)      the weight of the evidence against the person;

2

     (3)     the history and characteristics of the person including:

          (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

          (B)     whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

     (4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  For the ordinary case, the Act specifies a presumption in favor of release.  18 U.S.C. § 3142(a), (b), (c), and (e).  The government may move for detention based on either risk of flight or danger to the community or others (or both grounds).  18 U.S.C. § 3142(f)(1).

In order to justify detention based on a defendant's risk of nonappearance, the defendant's risk of flight must be established by a preponderance of the evidence.  United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985).  In order to justify detention based on a defendant's dangerousness, the danger must be established by clear and convincing evidence.  18 U.S.C. § 3142(f).

Here, Mr. Kirschenmann is indicted for Possession of Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  As to the weight of the evidence, a grand jury has found probable cause to believe Mr.

Kirschenmann has committed the offense in the indictment.  However, there is no additional information regarding the weight of the evidence and therefore, the court finds that this factor does not weigh in favor of either party.

As for the remaining factors the court is to consider, Mr. Kirschenmann is approximately 26 years old.  From the time Mr. Kirschenmann was 19 until his most recent conviction (a span of less than 8 years), Mr. Kirschenmann has been charged with 14 felony offenses.  While a number of these charges have been dismissed, he has been convicted of two felony drug charges.  He received sentences of 10 years and 5 years, respectively.  In addition to the pending federal felony in this case, Mr. Kirschenmann currently has five pending state court felony charges.

The court finds that Mr. Kirschenmann's substance abuse history poses a danger to the community.  The majority of Mr. Kirschenmann's criminal charges involve possessing or possessing with the intent to distribute a controlled substance.  Mr. Kirschenmann's substance abuse history presents a danger to the community if he were to be released.

Under the Bail Reform Act, the court is also to consider a person's record concerning appearances at court proceedings.  Bench warrants were issued on 5 occasions for Mr. Kirschenmann's failure to appear at court proceedings.  Mr. Kirschenmann has had five bench warrants issued for non-compliance with supervision or court orders.  Furthermore, Mr. Kirschenmann was on absconder status on July 12, 2022, from supervision following his parole in February of 2022.  These facts establish that Mr. Kirschenmann is a flight risk.

4

Based on Mr. Kirschenmann's extensive criminal history, his substance abuse history, and his failures to appear and non-compliance with supervision, the court finds that Mr. Kirschenmann is a flight risk and a danger to the community.

**C.      Whether returning Mr. Kirschenmann to state custody constitutes a condition which  would reasonably assure the Defendant's appearance and the safety of the community**.

Mr. Kirschenmann's argument is that remanding him to state court custody would "most productively resolve the issues relating this case . . .and be most helpful if Defendant could return to State custody to resolve his parole revocation, receive his sanction, and then be returned to Federal Custody to address these charges."  (Doc. 23) Mr. Kirschenmann seeks to be returned to state custody for reasons which are advantageous to Mr. Kirschenmann, to-wit: attending his parole hearing.  Additionally, Mr. Kirschenmann suggests that the court impose a condition of his bond that he stay in state court custody until resolution of the violation and then he be returned to federal custody.  In his motion, Mr. Kirschenmann states he would waive any rights he as under the Interstate Agreement on Detainers Act.

Pretrial release or detention is governed by the Bail Reform Act of 18 U.S.C. § 3142.  Mr. Kirschenmann fails to point to any other section of the United States Criminal Code which applies to the court's analysis.  The plain language of 18 U.S.C. § 3142 does not support a finding that a defendant who is found to be a danger to the community or a risk of flight should be returned to state custody.  On the contrary, it dictates:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer **shall** issue an order that, pending trial, the person be-
>
>> (1)  released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
>>
>> (2)  released on a condition or combination of conditions under subsection (c) of this section;
>>
>> (3)  temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
>>
>> (4)  detained under subsection (e) of this section.

18 U.S.C. § 3142(a)(emphasis added).  As discussed above, the defendant is a risk of flight and danger to the community, so release under 18 U.S.C. § 3142(a)(1) is not an option.  Section 3142(a)(3) is inapplicable to Mr. Kirschenmann's case.  The only conceivable consideration is whether returning Mr. Kirschenmann to state custody would constitute a permissible condition under Section 3142(a)(2) which allows the court to consider release restrictions as outlined in Section 3142(c).

Under Section 3142(c)(1)(B)(i), the court can <u>release</u> a defendant with conditions of release, including a condition that the defendant "remain in the custody of a <u>designated person</u>, who agrees to assume supervision and to report any violation of a release condition of the court, if the designated person is able to reasonably assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community."  This court finds the terms "release" and "designated person" used in Section 3142(c)(1)(B)(i) refers to a situation where a defendant is released

into the community under the supervision of a 3rd party custodian, such as a family member or friend.  It strains the plain language of the statute that Congress envisioned Section 3142(c)(1)(B)(i) be construed to mean that <u>release</u> equates to <u>returned</u> and that <u>designated person</u> equates to a <u>state entity</u>. Therefore, returning Mr. Kirschenmann to state custody under Section 3142 (c)(1)(B)(i) is not permissible.

This court finds the reasoning in <u>United States v. Dimmick</u>, 82 F.Supp. 3d 866 (N.D. Iowa 2015), to be persuasive.  The facts of <u>Dimmick</u> are very similar to Mr. Kirschenmann's case.  Dimmick was in the custody of the South Dakota Department of Corrections at the time he was brought into federal custody on a writ for an initial appearance and arraignment on a Felon in Possession of a Firearm charge.  The court analyzed whether Section 3142 applied when "no 'release' in a traditional sense (*i.e.*, the restoration of liberty) is possible." <u>Id.</u> at ¶2.  The court concluded that neither Section 3142 nor any other statute creates an exception for defendants who appear by writ. Dimmick requested that he be returned to state custody because of an upcoming parole hearing.  Dimmick argued that releasing him from federal custody would result in his return to state custody and therefore he would not be a risk of flight or danger to the community.  The court noted that if it adopted Dimmick's argument, it would effectively mandate pretrial release from federal custody for any defendant appearing on a writ.  Of significance to the <u>Dimmick</u> court and to this court is that "Congress could have specified, for example, that the fact a defendant would be returned to another jurisdiction's

7

custody is a factor weighing in favor of releasing that defendant from federal custody.  Congress did not do so."  Id. at ¶4.

This court concludes that the Bail Reform Act's omission of any reference or guidance as to whether a defendant appearing on a writ[1] should be returned to state custody establishes that it is not a proper consideration under the Bail Reform Act.  Given the court's conclusion that under the Section 3142 factors, Mr. Kirschenmann is a danger to the community and risk of flight he should be detained in federal custody.  Accordingly, it is hereby

ORDERED that the Motion to Return to State Custody (Doc. 23) is denied.

DATED this 19th day of January, 2023.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge

---

[1] A frequent occurrence which would have been foreseeable to Congress.